Martin, J.
delivered the opinion of the court.* The plaintiff claims $1000, which he alleges were due him by the defendant's ancestor, for services rendered as an attorney at law.
The defendants pleaded the general issue; and further, that if the plaintiff’s services were worth any thing, he was paid $250 by their ancestor, as a full compensation—that the plaintiff was to have finished the business above alluded to in the petition, but he declin *351 ed the practice of the law before it was and their ancestor was compelled to employ other persons at an enormous expense—that the plaintiff acted so negligently in the discharge of his duty to their ancestor, that he suffered great injury thereby.
West'n District.
Sept. 1822.
There was judgment against the defendants for $750; but it was ordered that, that sum be credited to the plaintiff, on a judgment obtained by the defendants against him. The defendants appealed.
The statement of facts shows, that Kilgour deposed, that in 1816 he heard the defendants' ancestor say, he had employed the plaintiff to settle the estate of Phillips, and to change and novate all the debts of the estate, so that their ancestor might have the benefit of them in his own name ; and he had agreed to pay a fee of $1000—that the plaintiff was active in effecting this—that the plaintiff had obtained his admission as heir to Phillips, or was concerned with those who did—that he had employed Wallace in this business, and was to pay him $1000—that Wallace had neglected it, and he would discharge him and employ the plaintiff, at the same price.
Murray proved, that the plaintiff laboured *352 very hard in writing transfers of the debts due Phillips’ estate to Rogers; that he employed the witness to defend Rogers in several suits, and gave him two notes for $100 each; one of which Muse subscribed for Rogers, and the other in his own name, as the witness believes.
The defendants proved, that the plaintiff quitted the practice in 1817, and removed to bayou Casson.
They offered in evidence, the plaintiff's receipt for $250—a deed of mortgage from them to Rogers—letters from the former to the latter—the record of a suit of theirs against the plaintiff, and one in which the heirs of Phillips recovered the estate from Rogers.
Baldwin deposed, that when he arrived at Rapides the plaintiff had novated the debts due Phillips, in favour of Rogers, and was laborious in discharge of his duty : this was previous to the institution of the suit of Phillips' heirs—that Porter was employed by Rogers to defend this suit, and received $500; and the plaintiff acted in concert with him in the suit.
The defendants proved, that they surrendered all the debts, hitherto due to Phillips, *353 which had been transferred to Rogers, to Phillips’ heirs.
Murray added, he knew the plaintiff was employed by Rogers, but not on what terms—that the latter being dissatisfied with all persons concerned in the estate, and complaining very much, he determined to have nothing to do with him, and returned the two notes he had received from the plaintiff.
The plaintiff's receipt for $250, is in part of his fees as attorney at law, for services rendered and to be rendered from the time he was employed by Rogers until the business of Phillips' estate be finally settled, and received by him (Rogers) or the other heirs, whom he represents.
The deed of mortgage, alluded to in the statement of facts, shows that the plaintiff was indebted to the defendants’ ancestor in a large sum, nineteen hundred and odd dollars ; and the judgment that the defendants since recovered, for that of $830.
The letter from the plaintiff to the defendants’ ancestor, shows the distressed situation of the former in money matters; but throws no light on the transaction which is the subject of the present suit.
*354 The defendants contend, that the claim being for upwards of $500, cannot be proved by the testimony of a single witness—Civil Code, 341, art. 241—but the plaintiff urges, that he is within the exception of a subsequent article, id. art. 244; and that there is a beginning of proof in writing, in his receipt for $250, in part payment, produced by the defendant.
In this respect, the case is not distinguishable from that of Lazare's executors vs. Peytavin, 9 Martin, 566; and nothing has been said to render us dissatisfied with the decision there given.
This receipt expressly states, that the $250, acknowleged to have been received, were paid by Rogers in part satisfaction of services rendered and to be rendered, in relation to Phillips’ estate. This is, therefore, a written proof that Rogers had employed the plaintiff in the affairs of that estate, and that the compensation he was to have was above $250.
Kelgour swears Rogers told him, he had promised $1000—the same sum had been agreed to be paid to Wallace, who had been discharged, when the plaintiff was employed in his stead.
Scott for the plaintiff, Johnston for the defendant.
Murray and Baldwin depose, the plaintiff was laboriously engaged in the affairs of the estate, and that Rogers had employed him.
The circumstance of the plaintiff being employed by Rogers, is proven by two witnesses, Kelgour and Murray, and his sedulous attention to the concerns of Rogers. The quantum is proved by one witness only, Kelgour. His is a detailed testimony, which has nothing suspicious, and its not at all at variance with that of other witnesses. The district judge gave it credit, and we see no reason to doubt it.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

 Porter, J. did not join in the opinion, having been of counsel in the cause.